## WELLS, FARGO & CO. v. VANSICKLE.

### (Circuit Court, D. Nevada. December 18, 1901.)

### No. 718.

1. JUDGMENTS—WHEN SUABLE—ISSUANCE OF EXECUTION.

   The right of a judgment plaintiff to commence an action on his judgment, in the absence of any statutory provision to the contrary, is not barred nor suspended by the issuance of an execution.

2. SAME—ACTION TO REVIVE—LIMITATION.

   Plaintiff recovered a judgment against defendant, and caused an execution to be issued thereon, and levied upon certain real estate the legal title to which was in third persons. Such persons commenced suits to enjoin the sale of the land, in which preliminary injunctions were issued, which, on final hearing, were made permanent. *Held*, that such preliminary injunctions did not affect plaintiff's right to bring an action on the judgment, so as to suspend the running of limitation against such action, under Cutting's Comp. Ann. Laws Nev. § 3730, which provides that where the commencement of an action shall be stayed by injunction the time of the continuance of the injunction shall not be a part of the time limited for the commencement of the action; nor was defendant equitably estopped thereby from pleading the defense of limitation to an action brought to revive the judgment, which became barred under the statute while the injunctions were in force.

### On Demurrer to Complaint.

This action is brought to revive a judgment. From the complaint it appears that on the 12th day of September, 1894, the plaintiff herein, in this court, recovered a judgment against defendant for the principal sum of $4,000, with interest and costs; that on May 21, 1895, the plaintiff caused

an execution to be issued on said judgment and levied upon certain real property, which, at the time of the levy, was believed by plaintiff to be the property of defendant, and caused the same to be advertised for sale; that on July 20, 1895, Mrs. Lillies M. Vansickle commenced a suit in this court against Wells, Fargo & Company, wherein she claimed to be the owner of certain portions of the property levied upon in the suit of Wells, Fargo & Co. v. P. W. Vansickle, and on the same day James Vansickle, a son of the said P. W. Vansickle and Lillies M. Vansickle, brought suit, claiming to be the owner of the other portions of the property levied on in the suit of Wells, Fargo & Co. v. Vansickle; that an injunction was prayed for and issued in both suits, restraining the plaintiff herein from selling the property, or any part thereof, as levied under the execution and advertisement of sale. It is alleged in the complaint in this action "that by reason of the filing of the said complaint as against this complainant, and the issuance of the said injunction as against this complainant Wells, Fargo & Co. and the said George M. Humphreys, as United States marshal, this complainant was estopped and enjoined from the further proceeding in said cause, or any part thereof, and from enforcing its said judgment until on or about the 14th day of November, 1900, when by a decree of this court, made and entered on said last-mentioned date, the said Lillies M. Vansickle and the said James Vansickle were decreed to be the owners of the property upon which the said execution had been levied, and the said restraining order was made perpetual, prohibiting and restraining this complainant, or the United States marshal, from selling or disposing of any of the property mentioned in the said bills of complaint filed by the said Lillies M. Vansickle and James Vansickle, * * * and by reason of the said injunction so issued, and the said judgment so rendered, this plaintiff was deprived and prevented from selling said property in satisfaction of its said judgment, and on or about the 14th day of November, A. D. 1900, the said United States marshal returned said execution into this court wholly unsatisfied, and the said judgment, so duly rendered and entered in the case wherein this plaintiff Wells, Fargo & Co. was the plaintiff and the said P. W. Vansickle was the defendant, remains wholly unsatisfied, and no part thereof has been paid." To this complaint the defendant interposed a demurrer, upon the ground that said complaint does not state facts sufficient to constitute a cause of action in the following respects: "(1) It appears on the face of said complaint that said defendant is now, and has been at all the times mentioned in said complaint, an actual resident and citizen of the state of Nevada, and at all of said times was residing and living and having his domicile in Douglas county, in the state of Nevada. (2) It appears upon the face of said complaint that the judgment set forth and described in paragraphs 2 and 3 of said complaint was duly rendered and entered in said circuit court of the United States, Ninth circuit, district of Nevada, on the 12th day of September, 1894, and that more than six years have elapsed since the entry of said judgment, and that said defendant has during the whole of said time been in the state of Nevada, and that the cause of action set forth in said complaint is barred by the provisions of the statutes of the legislature of the state of Nevada entitled 'An act defining the time of commencing civil actions,' approved November 21, 1861 (St. 1861, p. 26), and especially the provisions of the act of the legislature of the state of Nevada entitled 'An act to amend an act amendatory of and supplementary to an act entitled "An act defining the time of commencing civil actions," approved November 21, 1861, and to repeal acts amendatory of said act approved March 5, 1867,' and particularly section 1 of the act last mentioned, the portion of which said section 1, here pleaded as a bar to this action, is as follows: 'Section 1. Section 5 of said act, approved March fifth, one thousand eight hundred and sixty-seven, is hereby amended so as to read as follows: Section five. Actions other than those for the recovery of real property, can only be commenced as follows: Within six years: First—An action upon a judgment, or decree of any court of the United States, or of any state or territory within the United States.' St. 1877, p. 114. * * * (4) It further appears upon the face of said complaint that there was no stay of the said judgment or the execution thereof

by reason of any matters set forth in said complaint, but that, on the contrary, it appears upon the face of said complaint that an execution was issued upon said judgment, but that the same was not levied upon any property of this defendant, but, on the contrary, was levied upon property which did not belong to this defendant, and that the said plaintiff was not enjoined by said circuit court * * * from enforcing its judgment or collecting the same by a levy of said execution upon any property of this defendant. (5) That it appears upon the face of said complaint that said plaintiff was not enjoined or estopped from further proceedings in the cause in which said judgment was rendered, or any part thereof, or from enforcing its said judgment until on or about the 14th day of November, 1900, or until any other time, but, on the contrary, said plaintiff was only estopped and enjoined from selling property which did not belong to this defendant."

M. A. Murphy, for plaintiff.
W. E. F. Deal, for defendant.

HAWLEY, District Judge (orally). Is the present action barred by the statute of limitations of this state? Under the statutes of Nevada an action upon a judgment must be commenced "within six years." Cutting's Comp. Ann. Laws (Nev.) § 3718. This provision of the statute constitutes a complete bar to the bringing of this action unless the facts alleged in the complaint, with reference to the proceedings had in the suits brought by Lillies M. and James Vansickle, create such a disability to the commencement of the present action as "shall not be a part of the time limited for the commencement of the action." There are numerous sections in the statute upon this subject, but it is only necessary to refer to one. Section 3730 reads as follows:

"When the commencement of one action shall be stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition shall not be part of the time limited for the commencement of the action."

The plaintiff also relies upon the provisions of section 3334 relating to the rights of purchasers of real property under execution sales who have been evicted from the premises, or failed to recover possession thereof, "in consequence of irregularities in the proceedings concerning the sale." I am of opinion that this section, and the authorities cited under similar provisions of the statute in other states, have no direct application to the facts of this case.

What effect is to be given to the injunction issued in the suits of Lillies M. and James Vansickle against the enforcement of the execution upon their property? Was Wells, Fargo & Co., by reason of such injunction, prevented from bringing its action to revive the judgment? It was not enjoined from proceeding to enforce its judgment against the defendant. It was not enjoined from bringing an action to revive the judgment against P. W. Vansickle. It is true that the complaint alleges that by reason of the injunction it was estopped "from enforcing its said judgment." This is a mere conclusion of law, not a statement of any fact to be taken as true by the demurrer. The question must be determined upon the facts stated in the complaint. Pacific Land & Imp. Co. v. Elwood Oil Co., 112 Fed. 4. Could the plaintiff have commenced an action on its

judgment against P. W. Vansickle at any time after the execution was issued thereon, but stayed from enforcement upon the property of Lillies M. and James Vansickle, until it was returned unsatisfied? When can an action be brought upon a judgment? There is no authoritative decision in this state upon this question, although it was elaborately discussed by Beatty, C. J., and Leonard, J., in Solen v. Railroad Co., 15 Nev. 313, 322, 325. There is some conflict in the authorities upon this point, but the great weight of the authorities is to the effect that the right of plaintiff to commence an action upon his judgment, in the absence of any statutory provision to the contrary, is not barred nor suspended by the issuance of an execution. 2 Freem. Judgm. § 432, and authorities there cited; 11 Enc. Pl. & Prac. 1089–1091, and authorities there cited. In Freem. Judgm., supra, the author says:

"The right to bring an action upon a judgment at any time after its rendition, until it is barred by some statute of limitations, though plaintiff retains the power to collect it, if he can, by execution, is almost universally conceded."

In 11 Enc. Pl. & Prac., supra, it is said that "no reason for bringing the suit, other than that the judgment remains unpaid, need be alleged,"—citing Denison v. Williams, 4 Conn. 402; Ives v. Finch, 28 Conn. 114. In Fish v. Sawyer, 11 Conn. 545, 548, the court said that the leaning of the decisions of that state "is in favor of the doctrine that, where there is no real, but an apparent, satisfaction of the execution, debt on judgment well lies. * * * There is no satisfaction of the judgment entered upon the record, and nothing to take the case out of the general principle that debt lies upon a judgment which is in full force and unsatisfied." In Cortez v. Superior Court, 86 Cal. 274, 278, 24 Pac. 1011, 21 Am. St. Rep. 37, it was held that an order of the court staying proceedings upon a judgment and order of sale does not operate to suspend the running of the statute of limitations for the enforcement of the judgment. The statute of limitations commences to run from the day the judgment is entered, and when it has commenced to run it will not cease to do so by reason of any subsequent event which is not within the saving of the statute. Delay in bringing the action is always at the risk of an intervening disability, which may, in the absence of statutory saving, prevent suit being brought at all. Wood, Lim. Act. § 6, and authorities there cited; Davis v. Hart, 123 Cal. 384, 388, 55 Pac. 1060. The issuance of the execution upon the judgment did not stop its running. The injunction issued at the instance of Lillies M. and James Vansickle did not suspend the operation of the statute. There is no statement of any fact in the complaint which, under the statute of this state, prevented the plaintiff from bringing an action upon its judgment at any time before six years from the entry thereof. There was no conduct on the part of the defendant herein, or any one else, which had the effect to stay the running of the statute for any period of time within the six years. The cases cited and relied upon by the plaintiff are readily distinguishable in their facts from the present case, as will be seen by reference to 16 Am. & Eng. Enc. Law (2d Ed.) 369,—where most

of the cases cited by plaintiff are referred to,—which reads as follows:

"One of the most frequent examples of the exercise of this jurisdiction arises where the prosecution of an action is enjoined, and the cause of action is barred by the statute of limitations because of the operation of the injunction. An injunction does not stop the running of the statute; and as it would be manifestly inequitable to the party whose action is enjoined to lose his remedy because of the injunction, equity will enjoin the defendant in the action at law from setting up the statute of limitations as a defense."

If the plaintiff had been enjoined or prevented from enforcing his judgment, section 3730, Cutting's Comp. Ann. Laws, would apply; and it has frequently been held that "the time during which a plaintiff is prevented from bringing his suit by an injunction which prohibits him from suing is not to be counted against him, even when the general statute of limitations makes no provision for such cases. It has been suggested, however, that the plaintiff's recourse in such a case is by a proceeding in equity to enjoin the defendant from pleading the statute." 19 Am. & Eng. Enc. Law (2d Ed.) 218, and authorities there cited; Wood, Lim. Act. § 243. The rule relied upon by plaintiff is founded upon the general principles of equity that an injunction will issue for the purpose of preventing a defendant in an action at law from setting up unconscientious and inequitable defenses. But in the case at bar the plaintiff's right of action was not enjoined. The defendant had the unquestioned right to plead the statute of limitations, and under the facts which we have stated it cannot be said that his action in pleading this defense is either "unconscientious or inequitable," for he had not enjoined the plaintiff from enforcing its judgment, and had not performed any act which prevented the plaintiff from commencing an action to revive the judgment.

Demurrer sustained, and action dismissed.