GEORGE RIFF AND NETTIE RIFF, APPELLANTS, *v.* JACK KOWAL, AKA JOHN KOWAL, PENNY KOWAL, RESPONDENTS.

No. 4224

May 25, 1960      352 P.2d 819

*Robert Cohen,* of Las Vegas, for Appellants.

*Murray Posin,* of Las Vegas, for Respondents.

## OPINION

By the Court, PIKE, J.:

Appellants, who were plaintiffs in the trial court, appeal from a judgment of dismissal, with prejudice, of plaintiffs' complaint. The complaint alleged that about October 1945 defendants had agreed to pay to plaintiffs the sum of $2,777 representing money borrowed and the value of jewelry then purchased by defendants from plaintiffs. It also alleged that, although demand had been made for payment, no part of the obligation had been paid except the sum of $100 paid about August 1958. Plaintiffs sought judgment for the unpaid balance of $2,677.

Thus the allegations of the complaint disclose that, after the obligation was incurred by the defendants, nearly 13 years had elapsed before defendants made any payment on account of the same.

Defendants' motion to dismiss was based upon the ground that the complaint failed to state a claim upon which relief could be granted. In presenting such motion defendants relied upon the statute of limitations as barring the enforcement of the indebtedness. Reference was made to NRS 11.190 as supporting authority. That statute provides that suit must be brought within four years upon an open account or obligation not founded upon an instrument in writing.

Defendants also cited the decision of this court in Wilcox v. Williams, 5 Nev. 206, as authority for the

proposition that the part payment made by defendants and unaccompanied by any written acknowledgment or promise to pay the indebtedness executed by defendants, was not sufficient to toll the statute. The statute then under consideration, § 30, Ch. 12, Stats. of Nev. 1861, p. 31, was identical with NRS 11.390, hereinafter set forth, except for the italicized language of the present statute which was added by amendment after the decision in Wilcox v. Williams, supra. "No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless the same be contained in some writing signed by the party to be charged thereby, *except as provided in NRS 11.200.*"

NRS 11.200 provides, "The time in NRS 11.190 shall be deemed to date from the last transaction or the last item charged or last credit given; and whenever any payment on principal or interest has been or shall be made upon an existing contract, whether it be a bill of exchange, promissory note or other evidence of indebtedness if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made." NRS 11.190, referred to in NRS 11.200, prescribes the periods of limitations for the commencement of actions based upon particular types of obligations.

Appellants assert that, by reason of the amendment of the statute, the decision in Wilcox v. Williams, supra, is no longer controlling and that the part payment made by respondent was sufficient to remove the bar of the statute. In this connection appellant construes NRS 11.200 to provide that any payment on principal or interest made on an "existing contract" after the same shall have become due, extends the period of time within which suit may be brought, not limiting the effect of such payments to those made prior to the running of the statute. We are unable to agree with appellants' construction of the statute. There is a clear distinction between an "existing contract" which "shall have become *due*" within the purview of NRS 11.190 and a contract

which has not only become due but the enforcement of which has become barred by the statute of limitations. Rather, the language "existing contract," as used in NRS 11.200, when considered with its context and the language of related statutory provisions hereinabove referred to, must be construed to mean an existing enforcible contract and not a contract the enforcement of which has already been barred by the statute of limitations.

Appellants refer to the decision of the California Supreme Court in Eilke v. Rice, 45 Cal.2d 66, 74, 286 P.2d 349, 353, construing a 1947 amendment to the California statute as persuasive authority supporting appellants' contentions. However, the following statement contrary to appellants' contentions appears in that decision: "Any payment made after the first four years have run without extension or after four years have passed since the last extension by part payment, will not have the effect of tolling the statute."

Judgment affirmed.

MCNAMEE, C. J., and BADT, J., concur.