VICTOR HAVAS ᴅʙᴀ COURTESY MOTORS, Aᴘᴘᴇʟʟᴀɴᴛ,
v. PHIL LONG ᴀɴᴅ MRS. PHIL LONG, Rᴇsᴘᴏɴᴅᴇɴᴛs.

No. 5650

April 30, 1969            454 P.2d 30

*Dorsey & Taylor,* of Las Vegas, for Appellant.

*Edwin J. Dotson,* of Las Vegas, for Respondents.

## OPINION

By the Court, Mᴏᴡʙʀᴀʏ, J.:

Victor Havas, doing business as Courtesy Motors, appeals to this court from an order granting summary judgment in favor of the respondents, Mr. and Mrs. Phil Long.

The alleged facts are these. The Longs, who were then residents of Las Vegas, borrowed from Havas on six different occasions between July 9, 1957, and January 9, 1959, various sums of money totaling $4,013.59. The Longs moved to California in 1959, where they have since continuously resided. It is agreed that nothing was paid on the debt. However, Havas maintains that Mr. Long repossessed a car for Havas in California in September 1965 and that, for services rendered, Havas gave Long a $50 credit on the moneys due. Havas' position is that this $50 credit, plus the Longs' absence from Nevada, has tolled the 6-year statute of limitations, so that his Nevada action on the debt, which was first commenced in September 1967, was timely filed. Long agreed that Havas did contact him in California and ask him to repossess a car, but states that he refused to do so because he did not have the local license required for those who engage in the business of repossessing motor vehicles. Long flatly denies any suggestion of an offer by Havas to give him, voluntarily and gratuitously, either a $50 credit on his long-standing debt or any other remuneration. He states that William Rawlins, manager of Masterson Motors, Long's employer, did agree that if Havas were successful in his efforts to repossess the car, Havas could store it on Masterson's lot free of charge as a dealer-to-dealer favor, until arrangements could be made to return the car to Nevada. Rawlins' statement corroborates Long's version of what occurred.

Havas first sued the Longs in the Eighth Judicial District Court on September 6, 1967. Process of service was secured pursuant to the provisions of NRCP 4(e)(1)(i).[1] The summons was properly published, and a copy of the summons and a copy of the complaint were mailed to the Longs at their California address. The Longs responded by moving to quash the service of summons on the grounds of insufficiency of process and lack of jurisdiction over the person. NRCP 12(b). The thrust of the Longs' argument was that they were served in California as nonresident defendants and that the Nevada forum

[1]NRCP 4(e)(1)(i). "When the person on whom service is to be made resides out of the state, or has departed from the state, or cannot, after due diligence, be found within the state, or conceals himself to avoid the service of summons, and the fact shall appear, by affidavit, to the satisfaction of the court or judge thereof, and it shall appear, either by affidavit or by a verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made, and that he is a necessary or proper party to the action, such court or judge may grant an order that the service be made by the publication of summons."

could not, by such service, acquire in-personam jurisdiction. The trial judge rejected their argument and denied the motion to quash. Havas filed an amended complaint on June 11, 1968. The Longs then made a motion for summary judgment, NRCP 56, on the grounds that Havas' claim was barred by the statute of limitations. The trial judge agreed, and he ordered that summary judgment be entered in favor of the Longs. We agree with the trial court's ruling and affirm the judgment.

1. The Longs did not test the validity of the district court order denying their motion to quash service of process made on jurisdictional grounds. Instead, they entered a general appearance and moved for summary judgment, thereby removing any issue of jurisdiction from the case. Barnato v. District Court, 76 Nev. 335, 353 P.2d 1103 (1960); Selznick v. District Court, 76 Nev. 386, 355 P.2d 854 (1960). We must, therefore, treat this case as though the Longs were at all times amenable to the process of a Nevada court. Being thus amenable to service of process, their absence from Nevada did not toll the running of the statute of limitations. Dedmon v. Falls Prods. Inc., 299 F.2d 173 (5th Cir. 1962); Young v. Hicks, 250 F.2d 80, 83 (8th Cir. 1957); cf. Bank of Nevada v. Friedman, 82 Nev. 417, 420 P.2d 1 (1966).

2. We turn to consider Havas' contention that the 6-year limitation began to run in September 1965, when Havas extended the $50 credit to Long. At best the payment, if made, could apply only to the installment note in the sum of $2,350 which became due January 1, 1960, for the reason that the 6-year limitation had run against the other obligations. This court, in Riff v. Kowal, 76 Nev. 271, 352 P.2d 819 (1960), said that the phrase "existing contract," mentioned in NRS 11.200 (the time-commencement statute), means an enforceable contract and that past payment of any sum on the debt, or credit given (absent written acknowledgment or new promise to pay, NRS 11.390),[2] does not extend the time within which suit may be brought to enforce the obligation, where enforcement of the debt has already been barred by the statute of limitations at the time payment is made or credit is extended.

[2]NRS 11.390. "Acknowledgment or new promise must be in writing; exception. No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless the same be contained in some writing signed by the party to be charged thereby, except as provided in NRS 11.200."

In Wickwire v. Reard, 226 P.2d 192, 194 (Wash. 1951), the court held that:

"The burden of proving that a voluntary payment was made at a time which would toll the statute rests upon the party asserting it. Arthur & Co. v. Burke, 83 Wash. 690, 145 P. 974; Stewart v. Kelliher, 163 Wash. 388, 1 P.2d 299; Stockdale v. Horlacher, 189 Wash. 264, 64 P.2d 1015; Cannavina v. Poston, 13 Wash.2d 182, 124 P.2d 787; Walker v. Sieg, 23 Wash.2d 552, 161 P.2d 542."

In Bond v. Stardust, Inc., 82 Nev. 47, 410 P.2d 472 (1966), this court held that a party's conclusory affidavit was insufficient to create an issue of material fact. We hold that the same rule applies in this case. Havas' brief affidavit that he gratuitously and unilaterally gave the Longs a $50 credit in September 1965, to be applied on the Havas-Long obligation of 1959–1960, simply does not establish the proof required, particularly when viewed in the light of the record presented on this appeal.

The appeal is denied, and the summary judgment is affirmed.

COLLINS, C. J., ZENOFF, BATJER, and THOMPSON, JJ., concur.