KATHRYN SIMMONS, INDIVIDUALLY AND AS EXECUTRIX UNDER THE WILL OF WILLIAM LYON, APPELLANT, v. MARGARET TRIVELPIECE, RESPONDENT.

No. 12600

April 28, 1982                           643 P.2d 1219

*John L. Shadek,* Incline Village, for Appellant.

*Richard W. Young,* Reno, for Respondent.

---

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19(1)(c), SCR 10.

## OPINION

*Per Curiam:*

Appellant Kathryn Simmons brought suit in 1979 against her sister, Margaret Trivelpiece, seeking on various theories to impose a trust upon certain real property located in Reno, Nevada, and deeded to Trivelpiece by the parties' parents in 1954. Trivelpiece had resided in California since 1933, and service was effected upon her there, apparently pursuant to NRCP 4(e)(2). Appellant asserted five causes of action, three as "executrix" of her father's estate (under an unprobated will), and two in her individual capacity, for imposition of a constructive trust, or alternatively for finding a resulting trust or an express trust, upon the property. Trivelpiece filed a motion to dismiss appellant's complaint for failure to state a claim, NRCP 12(b)(5), on the basis of the applicable statutes of limitations. Appellant's primary response was that the running of the statutes of limitations was tolled for the entire period because of the defendant's residence in California and consequent absence from the state of Nevada. The court below granted defendant's motion to dismiss.

Appellant asserts that through the operation of NRS 11.300, defendant, a resident of California, could not invoke the protection of the applicable statutes of limitations. That statute provides:

> If, when the cause of action shall accrue against a person, he be out of the state, the action may be commenced within the time herein limited after his return to the state; and if after the cause of action shall have accrued he depart the state, the time of his absence shall not be part of the time prescribed for commencement of the action.

As was ably pointed out by the court below, the initial approach of this Court to the interpretation of this provision was one of literal application. The statute was held to apply to any absence of a prospective defendant from the jurisdiction, whether the action was in personam, Todman v. Purdy, 5 Nev. 238 (1869), or in rem, Robinson v. Imperial Silver Mining Co., 5 Nev. 44 (1869). Since 1962, this stance has been eroded by a series of cases which have held, in various contexts, that the tolling statute does not apply when the absent defendant is otherwise subject to service of process. Cal-Farm Insurance v. Oliver, 78 Nev. 479, 375 P.2d 857 (1962); Bank of Nevada v. Friedman, 82 Nev. 417, 420 P.2d 1 (1966); Havas v. Long, 85 Nev. 260, 454 P.2d 30 (1969); Brown v. Vonsild, 91 Nev. 646, 541 P.2d 528 (1975).

Appellant urges us not to extend the logic of the latter opinions to a case involving real property, arguing that there is no basis for altering our 1869 holding in Robinson v. Imperial Silver Mining Co., *supra,* because there has been no expansion in the area of in rem jurisdiction comparable to that which has taken place in the area of personal jurisdiction. This argument ignores the basic rationale of *Robinson,* which was that the statute contains no basis for a distinction between personal actions and actions involving real property in its application. We continue to find that analysis of the statute persuasive. To except actions involving real property from the modern interpretation of the statute's application has no basis in logic or policy. We therefore overrule our holding in *Robinson* to the extent that it required application of the tolling statute where an absent defendant was nevertheless subject to service of process.

With respect to her remaining contentions, we find that appellant has failed to demonstrate prejudicial error properly preserved for appellate review.

Affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[1] concur.