THE METROPOLITAN WATER DISTRICT OF SOUTH-
ERN CALIFORNIA, Appellant, *v.* STATE OF
NEVADA, THE NEVADA DEPARTMENT OF TAX-
ATION, NEVADA TAX COMMISSION and CLARK
COUNTY, NEVADA, Respondents.

No. 13063

June 22, 1983                                    665 P.2d 262

[Rehearing denied October 5, 1983]

*Guild, Hagen & Clark,* Reno, for Appellants.

*Brian McKay,* Attorney General, *David M. Norris,* Deputy
Attorney General, Carson City; *Robert J. Miller,* District
Attorney, *Stanley W. Parry,* Deputy District Attorney, Clark
County, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from an order granting respondents' motion to dismiss on grounds that appellant brought an action to recover taxes paid under a discriminatory method of assessment without having first exhausted administrative remedies.

Appellant, Metropolitan Water District of Southern California, owns electric transmission lines located in Clark County. The Water District's complaint alleged that from May 29, 1941 to fiscal year 1978-79 it had been assessed for ad valorem property tax purposes by respondents Nevada Department of Taxation and Nevada Tax Commission, and taxed upon this assessment by respondent Clark County. In August, 1979 the Water District learned for the first time that while the assessment of the Water District's transmission lines was based on historical cost without deduction for depreciation, other similar entities owning electric transmission lines in Nevada had their property assessed on an historical cost less depreciation basis.

After learning of the discriminatory tax assessment, the Water District paid its property taxes under protest and brought suit seeking recovery for taxes improperly paid during fiscal years 1941-1979.

In granting respondent's motion to dismiss the complaint the district court ruled that the action was brought prematurely as administrative remedies were not exhausted prior to seeking judicial relief. The court based its decision on First Am. Title Co. v. State, 91 Nev. 804, 543 P.2d 1344 (1975), wherein this court held that a taxpayer, after paying property taxes under protest, could not bring an action challenging its property tax assessment under NRS 361.420[1] without first appearing before

---

[1]NRS 361.420 provides in pertinent part:

    361.420   Protest payment of taxes; action for recovery of taxes; limitation.

the state and county boards of equalization as required by NRS 361.410(1).[2]

The Water District contends that its action for recovery was not premature as there were no administrative remedies available to it. An examination of the relevant statutes indicates that the legislature did not intend that the State Board of Equalization (Board) concern itself with property assessments other than for the particular revenue year in which it is convened.[3] Thus, the Water District correctly contends that it could not have sought the desired relief before the Board in 1980 for the 1941-1979 assessments.

Respondents contend, however, that the Water District failed to exhaust its administrative remedies by failing to protest its property valuations before the Board for each of the years in question. Under respondent's theory the Water District failed to exhaust its administrative remedies for fiscal year 1941-42 when it failed to protest its valuation in 1942, and thereafter through each succeeding year.

The facts alleged in the Water District's complaint, however, do not support the conclusion that it was derelict in failing to investigate the method used to determine its tax valuation. The

---

1. Any property owner whose taxes are in excess of the amount which the owner claims justly to be due may pay each installment of taxes as it becomes due under protest in writing.

. . . .

2. The property owner, having protested the payment of taxes as provided in subsection 1 and having been denied relief by the state board of equalization, may commence a suit in any court of competent jurisdiction in the State of Nevada against the state and county in which the taxes were paid. . . .

[2]NRS 361.410(1) provides:

361.410 Taxpayer not deprived of remedy or redress.

1. No taxpayer shall be deprived of any remedy or redress in a court of law relating to the payment of taxes, but all such actions shall be for redress from the findings of the state board of equalization, and no action shall be instituted upon the act of a county assessor or of a county board of equalization or the Nevada tax commission until the state board of equalization has denied complainant relief.

[3]NRS 361.380(1) requires that the Board shall act on all cases by October 1, and on those cases which may have "a substantial effect on tax revenues," equalization must be concluded by April 10. Clearly, these rules requiring that the Board meet certain deadlines, designed to allow the state to achieve some degree of certainty regarding the amount of its tax revenue, would serve no purpose if the actions of the Board of Equalization could apply to previous years. See also NRS 361.320, 361.380, and 361.395, which contain annual deadlines.

Water District had absolutely no reason to suspect that it was being singled out for the discriminatory tax assessment. To put the burden of investigation upon the Water District as respondents suggest would require the Water District to make gratuitous inquiries as to the methods used to assess not only itself but other similar entities. It would be unfair to impose such a duty upon a taxed entity, and we hold that no such duty exists.

Respondents also argue that even if the Water District did not fail to exhaust its administrative remedies, it is barred from instituting an action for the recovery of the discriminatory tax by NRS 361.420(3),[4] the statute of limitations dealing with suits for recovery of taxes brought under NRS Chapter 361.

Respondents misconstrue the basis of the Water District's complaint. The Water District did not claim that there was any error in the valuation of the property, but, rather, that the method of valuation applied denied the Water District a deduction for depreciation which was given to other similar entities.

The Water District maintains that this discriminatory method of assessment was improper and unlawful by reason of article 10, § 1 of the Nevada Constitution which requires that there be uniform and equal rates of assessment and taxation. Goldfield Consolidated Mines Co. v. State, 35 Nev. 178, 186 (1912), citing City of Virginia v. Cholar-Potosi Mining Co., 2 Nev. 92 (1866). The discriminatory method of assessment is also claimed to deprive the Water District of equal protection of the law.

We have previously held that a county's claims statutes should not apply where to do so would deny property owners due process rights. See Alper v. Clark County, 93 Nev. 569, 571 P.2d 810 (1977), cert. denied, 436 U.S. 905 (1978). Similar reasoning requires that the three month statutory period of limitations specified in NRS 361.420(3) should not be held to apply where to do so would deprive the Water District of a fundamental constitutional right, that of equal protection under the law.

If the Water District had brought its suit under NRS 361.420 after first paying the contested taxes under protest, then it might be barred from seeking redress for the discriminatory tax. However, the Water District did not commence its suit under Chapter 361 but instead sought recovery on the basis of

---

[4]NRS 361.420(3) requires that an action brought under the provisions of Chapter 361 for the recovery of property taxes be commenced within three months after the payment of the last installment of taxes or within three months after payment in full. An action which is not commenced within this period is "forever barred."

respondents' claimed mistaken and unconstitutional discriminatory method of assessment. Where a claim is based upon fraud or mistake, a three year statute of limitations applies as set forth in NRS 11.190(3)(d).[5]

Although NRS 11.190(3)(d) deals with actions for recovery based on fraud or mistake and does not specifically concern actions for the recovery of taxes, we have previously held that the three year limitation specified in section 3 of NRS 11.190 applies to tax liabilities. *See* State Tax Comm'n of Utah v. Cord, 81 Nev. 403, 404 P.2d 422 (1965). Respondents conceded during oral argument that NRS 11.190(3)(d) would apply if the allegedly discriminatory method of assessment was the result of fraud. We see no reason why this statute would not also apply to discriminatory taxation based on mistake.

Under NRS 11.190(3)(d) the statute of limitations would be tolled until the Water District knew, or had reason to know, that its rights had been violated. Shupe v. Ham, 98 Nev. 61, 639 P.2d 540 (1982). Under the facts set forth in the complaint the Water District's cause of action did not accrue until it learned that it was subject to discriminatory taxation.[6] Thus, under the facts as alleged in its complaint, the Water District commenced its action within the statutory period and should therefore be allowed to commence its action in district court. The order of the district court granting respondent's motion to dismiss is reversed.

---

[5]NRS 11.190(3)(d) provides:

> 11.190 Periods of limitations. Actions other than those for the recovery of real property, unless further limited by NRS 11.205, by NRS 11.207, or by or pursuant to the Uniform Commercial Code, can only be commenced as follows:
>
> . . . .
> 3. Within 3 years:
>
> . . . .
> (d) An action for relief on the ground of fraud or mistake; but the cause of action in such a case shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake.

[6]Of course, when the Water District actually learned of the discriminatory assessment and whether there was in fact an extension of the statute of limitations is an evidentiary matter to be determined at trial. Golden Nugget, Inc. v. Ham, 95 Nev. 45, 589 P.2d 173 (1977).