**VARI–BUILD, INC., a Nevada corporation, Plaintiff,**

v.

**CITY OF RENO, Barbara Bennett, Jim Thornton, Janice Pine, Peter Sferrazza, Joe McClellan, Phil Herrington, Leann McElroy, Robert S. Shoemaker, Defendants.**

**No. CV–R–83–250–ECR.**

United States District Court, D. Nevada.

Oct. 10, 1985.

Cal Hoover, Reno, Nev., for plaintiff.

Charles L. Eddleman, Asst. City Atty., Reno, Nev., for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The plaintiff has moved to dismiss the defendants' counterclaim. Because mat-ters outside the pleadings were presented, the Court has converted the motion to one for summary judgment. Both sides have been given the opportunity to present materials pertinent to a summary judgment motion. The basis for the motion is that the statute of limitations bars the counter-claim.

The complaint asks damages for the defendants' failure to issue a business license to the plaintiff for its "common-kitchen" apartment facility. The plaintiff was unable to rent the apartments because of the lack of a business license and lost the facility via foreclosure by its construction lender. The counterclaim alleges that the plaintiff's application for a building permit for the apartment facility contained false statements. According to the counter-claim, the plaintiff made those false statements knowingly and with an intent to deceive the defendants. Alternatively, the defendants contend, in the counterclaim, that the plaintiff negligently made material misrepresentations in the application for a building permit. In any event, the defendants' instant motion urges that the statute of limitations bars the counterclaim. The counterclaim originally was filed on October 19, 1984, with the defendants' answer to the complaint.

The plaintiff applied for a building permit on or about January 30, 1981. The permit was issued February 17, 1981. The last inspection of construction by defendant City of Reno's Building Department was completed on or about April 20, 1981. A stop-work order then was issued on April 27, 1981. It subsequently was lifted pursuant to court order. The plaintiff's application for a business license was denied initially on August 6, 1981. The Reno City Council affirmed the denial on August 17, 1981.

The Nevada statute of limitations for actions grounded in fraud or mistake is three years. NRS 11.190(3)(d). It specifies that the cause of action doesn't accrue until discovery by the aggrieved party of facts constituting the fraud or mistake. The

plaintiff insists that the foregoing chronology of events shows that the defendants were aware of facts constituting the purported fraud or mistake longer than three years prior to the filing of the counterclaim on October 19, 1984.

In response, the defendants argue that the record doesn't reflect when they first discovered that material representations in the application for a building permit were false. They also point out that Fred Gagnon, the principal of the corporate plaintiff, has been absent from Nevada for some time, thus tolling the running of the statute of limitations. Likewise, the defendants contend that the statute was tolled by virtue of injunctive relief obtained by the plaintiff which lifted the stop work order.

The plaintiff has replied to the defendants' arguments. As to when the defendants first learned of the falsity of the representations in the plaintiff's application, the defendants' answer to Interrogatory No. 67 states: "The City had knowledge of the misrepresentation and acted upon that knowledge by issuing a Stop Work Order on April 28, 1981." The alleged absence from the State of Mr. Gagnon is irrelevant, in the plaintiff's estimation, since he is not the plaintiff. As a Nevada corporation, the plaintiff has been amenable to service of process under Nevada law despite its principal's absence from the State, according to the plaintiff. Further, the answer to Interrogatory No. 80 discloses that defendant City of Reno made no attempt to contact Mr. Gagnon personally after October 19, 1981, other than through his counsel subsequent to the commencement of this lawsuit. Also, the plaintiff points out that the injunctive relief obtained against the City merely required the lifting of its stop work order, and did not prevent its bringing of a counterclaim or other legal action.

In supplementary points and authorities, the defendants note that the counterclaim alleges a state cause of action over which the Court has exercised pendent jurisdiction. They argue that it is a compulsory counterclaim and covered by a rule that the limitations period is not a bar so long as the complaint itself was timely filed. The defendants also urge that the statute of limitations was tolled during administrative and judicial appeals compelled by the plaintiff.

The plaintiff has urged, in reply, that the counterclaim was not compulsory. It is based on misrepresentation and fraud, whereas the complaint alleges violation of the plaintiff's civil rights and negligence. The lack of similarity reflects that neither pleading is dependent on the other, the plaintiff argues. The civil rights violation occurred when the City of Reno reinterpreted its "common-kitchen" ordinances, thus thwarting the plaintiff's attempt to obtain a business license. Whether the plaintiff made false statements in its application for a building permit is irrelevant to the conduct of the City in reinterpreting its ordinance so as to deny a business license. Therefore, the argument continues, the counterclaim is merely permissive, and not entitled to be related back to the date of the filing of the complaint. The plaintiff also insists that the counterclaim asks for affirmative relief and, therefore, is not in the nature of recoupment. Recoupment, which might not be barred by the statute of limitations, is strictly defensive and may not be the basis for a judgment for damages, according to the plaintiff.

Isolated cases do support the defendants' contention that a counterclaim arising from the subject matter contained in the complaint relates back to the time of filing of the complaint, thus avoiding the bar of the statute of limitations. *E.g., Employers' Fire Ins. v. Love It Ice Cream*, 64 Or.App. 784, 670 P.2d 160, 163 (Or.1983); *Azada v. Carson*, 252 F.Supp. 988, 989 (D.Haw.1966). However, the general rule of law is to the contrary. A counterclaim for affirmative relief (the defendants' counterclaim herein seeks compensatory and punitive damages) is an independent cause of action that is subject to the operation of the statute of limitations. 16 A.L.R. 326, 328, Anno: Counterclaim-Bar of Limitation; *Nalley v. McClements*, 295 F.Supp. 1357, 1360 (D.Del.1969); *Chauffeurs, Teamsters,*

*etc. v. Jefferson Trucking*, 628 F.2d 1023, 1027 (7th Cir.1980).

■ On the other hand, where the defendants' claim is for recoupment, the statute of limitations is not a bar; it may be availed of defensively so long as the plaintiff's cause of action exists. 1 A.L.R.2d 630, 666–67, Anno: Setoff or Counterclaim-Barred Claim; *Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935); *Klemens v. Air Line Pilots Ass'n, Intern.*, 736 F.2d 491, 501 (9th Cir. 1984). The cases cited emphasize that the claim in recoupment must concern matters arising out of the same transaction that is the basis for the plaintiff's claim for relief.

An affirmative judgment (which would result from a counterclaim) may be had for any amount to which the defendants establish their right; i.e., it may exceed the amount to which the plaintiff has proved he is entitled. 16 A.L.R. 326, *supra* at 327. The same A.L.R. annotation, also at 327, emphasizes that recoupment may reduce or extinguish the plaintiff's claim, but may not exceed it. Thus, the defense of recoupment does the defendants no good unless the plaintiff otherwise would have prevailed. *Bowler v. Leonard*, 75 Nev. 32, 333 P.2d 989, 994 (1959).

■ In determining whether the defendants' claim in recoupment arises out of the same transaction as gave rise to the plaintiff's cause of action, a liberal construction is applied. *Albright v. Gates*, 362 F.2d 928, 929 (9th Cir.1966); *Magna Pictures Corp. v. Paramount Pictures Corp.*, 265 F.Supp. 144, 153 (C.D.Cal.1967). Identity of factual backgrounds is not required as to the opposing claims, but, rather, only a logical relationship between them. *Id.*; *United Artists Corp. v. Masterpiece Productions*, 221 F.2d 213, 216 (2nd Cir.1955). The claim of the defendants herein that they suffered damages as a result of the misstatements in the plaintiff's application for a building permit is logically related to the plaintiff's claim of damages resulting from denial of its application for a business license. The construction and use of the "common-kitchen" apartment facility was all part of one unbroken sequence of events.

■ The defendants' counterclaim sounding in fraud is barred, therefore, by the three-year statute of limitations. They could not recover any judgment for the fraud, if it were proved, in excess of any judgment the plaintiff might obtain for violation of its civil rights. On the other hand, the defendants are entitled to recoupment up to the amount of the plaintiff's judgment if they can prove the latter's fraud. This affirmative defense (fraud) has been raised as the Fifth Affirmative Defense in the defendants' amended answer. It is appropriate to raise the issue of fraud via an affirmative defense. Fed.R. Civ.P. 8(c). Likewise, negligence by the plaintiff is alleged in the Second Affirmative Defense.

■ The defendants' contention that the plaintiff's principal was often outside the State of Nevada is unavailing to avoid the bar of the statute of limitations. N.R. C.P. 4(d)(1) provides for the service of summons and complaint, in a suit against a corporation formed under the laws of Nevada, on the State Secretary of State if an officer or agent of the corporation can't be located within the State. The limitations statute is not tolled so long as the absent party is otherwise subject to service of process. *Simmons v. Trivelpiece*, 98 Nev. 167, 643 P.2d 1219, 1220 (1982); *Bank of Nevada v. Friedman*, 82 Nev. 417, 420 P.2d 1, 3 (1966); *Seely v. Illinois-California Exp., Inc.*, 541 F.Supp. 1307, 1311 (D.Nev.1982).

■ NRS 11.350, which tolls the statute of limitations while an injunction stays the commencement of a lawsuit, is equally unusable by the defendants herein. Such an injunction must be against the bringing of suit. *Wells, Fargo & Co. v. Vansickle*, 112 Fed. 398, 402 (D.Nev.1901). The injunction requiring the City to lift its stop work

order did not preclude the City from filing a complaint or counterclaim sounding in fraud against the plaintiff. The very same reasoning applies to the claim by the defendants that the statute was tolled during administrative and judicial appeals. Nevada statute provides no exception for such proceedings, therefore the courts should not create one. *See Marshall v. Packard-Bell Co.,* 106 Cal.App.2d 770, 236 P.2d 201, 204 (1951).

The defendants' counterclaim alleges, in the alternative, that the plaintiff negligently breached its duty to the defendants by submitting an application for a building permit that included material misrepresentations. Mistake is covered by the same three-year statute of limitation as fraud; that is, NRS 11.190(3)(d). *Metropolitan Water Dist. of Southern Calif. v. State of Nevada,* 99 Nev. 506, 665 P.2d 262, 264–65 (1983). The statute itself declares that the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the mistake. This has been construed to mean that the statute of limitations shall run from the time the aggrieved party knew, or in the exercise of proper diligence should have known, of the facts constituting the elements of his claim for relief for mistake. *Oak Grove Investors v. Bell & Gossett Co.,* 99 Nev. 616, 668 P.2d 1075, 1079 (1983); *Sierra Pacific Power Company v. Nye,* 80 Nev. 88, 389 P.2d 387, 390 (1964); *Metropolitan Water Dist. of Southern Calif. v. State of Nevada, supra* at 665 P.2d 265. The defendants herein, in their answer to Interrogatory No. 67, admitted that they had knowledge of the plaintiff's alleged misrepresentations on April 28, 1981. This was more than three years prior to the initial filing of the counterclaim on October 19, 1984. Therefore the claim for relief based on mistake also is barred.

IT IS, THEREFORE, HEREBY ORDERED that summary judgment be entered in favor of the plaintiff dismissing the defendants' counterclaim.