# IN THE SUPREME COURT OF THE STATE OF NEVADA

SCENIC NEVADA, INC.,
Appellant,
vs.
CITY OF RENO, A POLITICAL
SUBDIVISION OF THE STATE OF
NEVADA; AND LAMAR ADVERTISING
COMPANY,
Respondents.

No. 80644

**FILED**

MAY 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for a writ of mandamus. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.[1]

Appellant, Scenic Nevada, Inc. (Scenic Nevada), attempted to file an appeal of respondent City of Reno's (the City) approval of a building permit application for the construction of a billboard. Scenic Nevada believed the billboard violated local ordinances but the City rejected its appeal as untimely. Scenic Nevada then petitioned the district court for a writ of mandamus directing the City to revoke a permit for the billboard and sought a declaratory judgment that respondent Lamar Advertising Company (Lamar) unlawfully constructed the billboard. As pertinent to this appeal, the district court granted the City's motion to dismiss, which Lamar joined.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-14086

Scenic Nevada argues that the district court erred in dismissing its petition for failure to exhaust available administrative remedies when it did not have a fair opportunity to do so.[2] Having reviewed the parties' briefs and the appendix, we conclude that the district court properly dismissed Scenic Nevada's petition. As this court has explained, a party "generally must exhaust all available administrative remedies before initiating a lawsuit, and failure to do so renders the controversy nonjusticiable." *Mesagate Homeowners' Ass'n v. City of Fernley*, 124 Nev. 1092, 1099, 194 P.3d 1248, 1252 (2008) (internal quotation omitted); *see Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 571, 170 P.3d 989, 993 (2007) ("whether couched in terms of subject-matter jurisdiction or ripeness, a person generally must exhaust all available administrative remedies before initiating a lawsuit, and failure to do so renders the controversy nonjusticiable"). However, there are two exceptions to the exhaustion requirement: (1) "when the issues relate solely to the interpretation or constitutionality of a statute" or (2) when pursuing administrative remedies would be futile. *Malecon Tobacco, LLC v. State, Dep't. of Taxation*, 118 Nev. 837, 839, 59 P.3d 474, 476 (2002).

---

[2]We decline to address Scenic Nevada's argument that the City and Lamar owed a duty to apprise it of the permit application and subsequent letter of approval as the district court did not reach these issues. *See Douglas Disposal, Inc. v. Wee Haul, LLC*, 123 Nev. 552, 557 n.6, 170 P.3d 508, 512 n.6 (2007) (providing that this court need not reach issues not addressed by the district court). Further, while Scenic Nevada argues that it was not on notice because it was not aware of the location for the approved sign permit, we decline to consider this argument because Scenic Nevada did not raise it below. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (explaining that this court need not consider issues raised for the first time on appeal).

Despite Scenic Nevada's contention that attempts to exhaust would be futile, the record indicates that Scenic Nevada had, or should have had, notice of the sign permit approval and of the building permit based upon its recordation and public availability. *See County of Clark v. Doumani*, 114 Nev. 46, 52, 952 P.2d 13, 16 (1998) (explaining that "'filing of notice of the final action' under NRS 278.0235 is accomplished when someone or some entity provides separate, written notice of the final action to the secretary or clerk of the governing body, commission or board"), *superseded by statute on other grounds as stated in Comstock Residents Ass'n v. Lyon County Bd. of Comm'rs*, Docket No. 68433 (Order Affirming in Part, Reversing in Part, and Remanding, December 2, 2016). Scenic Nevada had actual notice of the billboard approval when it learned that an application was approved, but made no further inquiry as to its details. *See Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998) (holding that the time of discovery may be determined as a matter of law where "'uncontroverted evidence irrefutably demonstrates [that the] plaintiff discovered or should have discovered' the facts giving rise to the cause of action" (quoting *Nev. Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1307 (9th Cir. 1992))). As this court has previously pointed out, "the rule is generally established that mere ignorance of the existence of the cause of action or of the facts which constitute the cause will not postpone the operation of the statute of limitations . . . [t]he reason for the rule seems to be that in such cases ignorance is the result of want of diligence and the party cannot thus take advantage of his own fault." *Sierra Pacific Power Co. v. Nye*, 80 Nev. 88, 94-95, 389 P.2d 387, 390 (1964) (internal quotation omitted).

Notwithstanding statutory notice, Scenic Nevada's complaint challenged the City's approval of Lamar's sign permit and building application because of the location's zoning status.[3] If a non-applicant wishes to challenge a building official's decision or the planning or zoning administrator's decision, then it may appeal from such a decision to the city council within five days. *See* RMC § 14.16.860(a). Then, if a non-applicant is aggrieved by the city council's decision, it may seek judicial review in the district court within 25 days. *See* NRS 278.3195(4). The record indicates that the clerk's office rejected Scenic Nevada's appeal because the deadline to do so had passed. Thus, because Scenic Nevada failed to exhaust these remedies, its petition for writ of mandamus, even if generously construed as a petition for judicial review, was properly rejected.[4] *See Mesagate,* 124 Nev. at 1100–01, 194 P.3d at 1254 (explaining that the district court can only consider a petition for judicial review from an administrative decision that has been properly challenged through the applicable appellate procedures). Similarly, to the extent that Scenic Nevada challenged the City's planning department's decision that Lamar's billboard was permitted at the requested location due to the location's zoning, there are administrative remedies available to challenge such a decision that must be

---

[3]We reject Scenic Nevada's reliance on *Metropolitan Water Dist. of S. Cal. v. State,* 99 Nev. 506, 665 P.2d 262 (1983). Unlike the appellant in that matter that did not have a reason to suspect it was being singled out for a discriminatory tax assessment, 99 Nev. at 509-10, 665 P.2d at 264-65, Scenic Nevada had inquiry notice that a permit had been approved.

[4]We further conclude that Scenic Nevada's argument that the City prevented it from exhausting its remedies is unpersuasive. Scenic Nevada was required to file a petition for judicial review within 25 days, notwithstanding its argument that the City thwarted its ability to pursue such remedies. *See* NRS 278.3195(4).

SUPREME COURT
OF
NEVADA

(O) 1947A

exhausted before seeking judicial review. *See* RMC § 14.16.860; NRS 278.3195. Nothing in the record provides any indication that Scenic Nevada availed itself of these remedies before seeking relief from the district court. Further, Scenic Nevada does not challenge the constitutionality of the provisions embodied in the regulations.

Moreover, in light of the remedies available to Scenic Nevada, its writ petition was not the proper vehicle to challenge the City's decision. *See Mesagate,* 124 Nev. at 1100–01, 194 P.3d at 1254; *see also Kay v. Nunez,* 122 Nev. 1100, 1104–05, 146 P.3d 801, 805 (2006) (holding that judicial review, not writ relief, is generally the appropriate vehicle to challenge a local zoning and planning decision). Accordingly, the district court properly dismissed the petition. *See Buzz Stew, LLC v. City of N. Las Vegas,* 124 Nev. 224, 227–28, 181 P.3d 670, 672 (2008) (explaining that this court reviews an order granting a motion to dismiss de novo). In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:     Hon. Egan K. Walker, District Judge
        Jonathan L. Andrews, Settlement Judge
        Law Offices of Mark Wray
        Reno City Attorney
        Kaempfer Crowell/Reno
        Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A