**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BARRY STIMPSON,
　　　　*Plaintiff-Appellant*,

　　　　v.

MIDLAND CREDIT
MANAGEMENT, INC., a Kansas
corporation; MIDLAND
FUNDING, LLC, a Delaware
limited liability company,
　　　　*Defendants-Appellees*.

No. 18-35833

D.C. No.
4:17-cv-00431-BLW

OPINION

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted October 24, 2019
Seattle, Washington

Filed December 18, 2019

Before: Richard R. Clifton and Sandra S. Ikuta, Circuit
Judges, and Jed S. Rakoff,* District Judge.

Opinion by Judge Ikuta

---

　　* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

## SUMMARY[**]

### Fair Debt Collection Practices Act

Affirming the district court's summary judgment in favor of the defendant in an action under the Fair Debt Collection Practices Act, the panel rejected plaintiff's claim that a debt collector's letter was deceptive or misleading under 15 U.S.C. § 1692e because it attempted to persuade him to pay a time-barred debt.

The panel held that a debt collector is entitled to collect a lawful, outstanding debt even if the statute of limitations has run, so long as the debt collector does not use means that are deceptive or misleading and otherwise complies with legal requirements. The panel concluded that the letter's statute-of-limitations disclosure would not mislead the least sophisticated debtor into thinking that the debt collector could use legal means to collect the debt, and the letter was not deceptive or misleading for not warning about the potential for revival of the statute of limitations. Further, there is nothing inherently deceptive or misleading in attempting to collect a valid, outstanding debt, even if it is unenforceable in court.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Scott C. Borison (argued), Esq., Legg Law Firm, LLP, San Mateo, California; Ryan A. Ballard, Esq., Ballard Law, PLLC, Rexburg, Idaho; Peter A. Holland, Esq., Holland Law Firm PC, Annapolis, Maryland; for Plaintiff-Appellant.

Joshua C. Dickinson (argued), Spencer Fane LLP, Omaha, Nebraska; Lyle J. Fuller, Fuller & Fuller, PLLC, Preston, Idaho; for Defendants-Appellees.

**OPINION**

IKUTA, Circuit Judge:

Barry Stimpson contends that a debt collector's letter was deceptive or misleading because it attempted to persuade him to pay a time-barred debt. We reject this claim because a debt collector is entitled to collect a lawful, outstanding debt even if the statute of limitations has run, so long as the debt collector does not use means that are deceptive or misleading and otherwise complies with legal requirements.

I

In February 2006, Barry Stimpson obtained a credit card from HSBC Bank Nevada, N.A. (HSBC). HSBC's credit agreement with Stimpson provided that Nevada law applied

to the account.[1]  Stimpson charged purchases to his card, but did not pay off the entire balance.  He made his last payment on December 12, 2008.  In September 2009, HSBC sold Stimpson's account to a debt collector, Midland Funding, LLC.[2]  Under Nevada law, the limitations period for bringing a legal action against Stimpson for recovery of the amount owed on the credit card expired on December 12, 2014, six years after Stimpson's last payment.  *See* NRS §§ 11.010, 11.190, 11.200.

Over two years later, in March 2017, Midland Credit sent a letter to Stimpson indicating that his account balance was $1,145.60.[3]  The upper right-hand corner of the letter states: "Offer Expiration Date: 04-27-2017."  In the middle of the page, the letter states:  "Available Payment Options.  Option 1:  40% OFF.  Option 2:  20% OFF Over 6 Months.  Option 3:  Monthly Payments As Low As:  $50 per month.  Call today to discuss your options and get more details." Immediately below the payment options, the letter states:

---

[1]  The credit agreement stated:

> This Agreement and your Account will be governed by federal law and, to the extent state law is applicable, the laws of the state of Nevada, whether or not you live in Nevada and whether or not your Account is used outside Nevada.  This Agreement is entered into in Nevada, your Account is maintained in Nevada, and all credit under this Agreement will be extended from Nevada.

[2]  We refer to Midland Funding and Midland Credit Management, Inc., which services the account, collectively as "Midland."

[3]  A copy of the letter is attached to this opinion.

Benefits of Paying Your Debt

--Save $458.24 if you pay by 04-27-2017
--Put this debt behind you.
--No more communication on this account.
--Peace of mind.

The letter is signed by Tim Bolin, Division Manager. Under his signature, the letter states:

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report.  Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

Near the bottom of the page, the letter provides: "We are not obliged to renew any offers provided. . . . PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION."

The back of the letter states:  "Please understand this is a communication from a debt collector.  This is an attempt to collect a debt."  Further down the page, the letter states:  "We are required under state law to notify consumers of the following rights.  This list does not contain a complete list of the rights consumers have under state and federal law."  The letter then provides specific disclosures required by the laws of Massachusetts, Minnesota, New York City, North Carolina, and Tennessee.

After receiving the letter, Stimpson brought this action against Midland in Idaho state court on behalf of himself and

a purported class of similarly situated individuals.[4]   The complaint alleged that Midland violated the FDCPA by attempting to collect "time-barred debts without disclosure of that fact."  Midland removed the case to federal court and the district court granted summary judgment in favor of Midland. *Stimpson v. Midland Credit Mgmt.*, 347 F. Supp. 3d 538, 553 (D. Idaho 2018).  Stimpson appealed.

We have jurisdiction under 28 U.S.C. § 1291.  We review a district court's grant of summary judgment de novo and "may affirm on any basis supported by the record." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

II

Congress enacted the FDCPA in 1977 due to finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" and that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers."   15 U.S.C. § 1692(a), (b). Congress did not intend to ban debt collection but instead intended "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection

---

[4]   According to the complaint, "The Class consists of (a) all individuals in Idaho (b) to whom Midland Funding or Midland Credit (c) sent a letter seeking to collect a debt (d) which is time barred (e) which does not disclose that partial payment or other action revives the debt (f) which letter was sent within the one (1) year period immediately preceding the filing of this complaint."

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." § 1692(e). In other words, the FDCPA was designed to stop a relatively small number of "unscrupulous debt collectors" from using a "host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." S. Rep. No. 95-382, at 1–2, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696 (1977).

To prevail on a claim under the FDCPA, a plaintiff must establish that a debt collector, as defined in § 1692a(6), has failed to comply with a provision of the FDCPA. *See* § 1692k; *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982) ("Section 1692k, which governs a debt collector's liability under the [FDCPA], provides in pertinent part that 'any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person.'"). On appeal, Stimpson contends that Midland's letter violated § 1692e, which provides: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e. Section 1692e includes a nonexclusive list of 16 practices that are deemed to be "false, deceptive, or misleading." § 1692e. Those practices include misrepresenting the "character, amount, or legal status of any debt," § 1692e(2), and threatening to "take any action that cannot legally be taken," § 1692e(5). Section 1692e(10), which has been referred to as a "catchall" provision, *Gonzalez v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011), prohibits "[t]he use of any false representation or deceptive means to collect . . . any debt," § 1692e(10).

In determining whether conduct violates § 1692e, we undertake an objective analysis of the question whether the "least sophisticated debtor would likely be misled by a communication." *Gonzalez*, 660 F.3d at 1061 (quoting *Donohue v. Quick Collect Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010)); *accord Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1117–18 (9th Cir. 2014); *Baker*, 677 F.2d at 778. This is a legal, not a factual, determination. *See Gonzalez*, 660 F.3d at 1061 (citing *Terran v. Kaplan*, 109 F.3d 1428, 1432 (9th Cir. 1997) (collecting cases)).[5] The "least sophisticated debtor" is distinguished from the ordinary, reasonable person by being financially unsophisticated. *See id.* at 1062. Such a debtor is comparatively uninformed and naive about financial matters and functions as an "average consumer in the lowest quartile (or some other substantial bottom fraction) of consumer competence." *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) (cited in *Gonzales*, 660 F.3d at 1062). Even so, the debtor has "rudimentary knowledge about the financial world." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (citation omitted). While financially unsophisticated, this debtor is not "the *least* intelligent consumer in this nation of 300 million people." *Evory*, 505 F.3d at 774. Rather, the debtor grasps the normal, everyday meaning of words, *see Gonzales*, 660 F.3d at 1062, and is "capable of making basic logical deductions and inferences," *Wahl*, 556 F.3d at 645 (quoting *Pettit v. Retrieval Masters*

---

[5] In other circuits, the question whether a debtor would be misled by a communication is a question of fact. *See, e.g.*, *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 441 (6th Cir. 2008) ("[A] jury should determine whether the letter is deceptive and misleading."); *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 503 (7th Cir. 1999) ("Whether a given message is confusing [under the FDCPA] is . . . a question of fact, not of law or logic.").

*Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)). The least sophisticated debtor is not unreasonable, *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), and has a "basic level of understanding and willingness to read with care," *Gonzales*, 660 F.3d at 1062 (cleaned up) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)). In short, the least sophisticated debtor is reasonable and functional, but lacks experience and education regarding financial matters.

## III

In light of this background, we begin by considering Stimpson's claim that Midland's letter used "false, deceptive, or misleading representation[s]" in violation of § 1692e.

## A

Stimpson first identifies the letter's statute-of-limitations disclosure as a primary example of misleading or deceptive representations. This disclosure states:

> The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

According to Stimpson, this language is deceptive or misleading because the letter does not clarify that his debt is time-barred as a matter of law; rather, it states Midland "will not" sue, which could mean that Midland has simply decided not to sue.

We disagree.  A person who is unsophisticated regarding financial matters, but is still "capable of making basic logical deductions and inferences," *Wahl*, 556 F.3d at 645 (citation omitted), would not be deceived or misled by this language. The phrase "[d]ue to the age of this debt, we will not sue you," follows immediately after the sentence explaining that "[t]he law limits how long you can be sued on a debt."  The first sentence "draws a connection between the legal unenforceability of debts in general and [Midland's] promise not to sue."  *Stimpson*, 347 F. Supp. 3d at 551 (cleaned up) (quoting *Trichell v. Midland Credit Mgmt., Inc.*, No. 4:18-cv-00132-ACA, 2018 WL 4184570, at *3 (N.D. Ala. Aug. 31, 2018)).  The natural conclusion is that the debt is time barred. Nothing in the letter falsely implies that Midland could bring a legal action against Stimpson to collect the debt.  For instance, the letter does not offer him a "settlement offer," which could "falsely impl[y] that the underlying debt is enforceable in court." *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 399 (6th Cir. 2015); *see also Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 429 (3d Cir. 2018). Accordingly, we conclude that the least sophisticated debtor would understand the letter's disclosure to mean that Midland cannot take a legal action to collect the debt.

Our conclusion that Midland's disclosure would not mislead or deceive the least sophisticated debtor is supported by the fact that federal and state authorities have found substantially similar language to be appropriate (or necessary) to alert consumers about the effect of the statute of limitations.  The Consumer Financial Protection Bureau (CFPB), the agency tasked with administering the FDCPA, *see* § 1692*l*(d), and whose mission is to protect consumers, required Midland to use this exact language in its debt-collection communications to avoid implying that it could

legally enforce the debtor's duty to pay the debt.[6] Moreover, three states (California, Connecticut, and Texas) enacted legislation requiring a materially similar disclosure when a debt collector attempts to collect a time-barred debt.[7]

Finally, the Sixth Circuit concluded that a debt collector could correct "any possible misimpression by unsophisticated consumers" regarding the applicable statute of limitations by adding a substantially similar disclosure: "The law limits how long you can be sued on a debt. Because of the age of your debt, [debt collector] will not sue you for it, and [debt

---

[6] In 2015, the CFPB entered into a settlement agreement with Midland, requiring the following:

> [F]or those Consumer accounts where the Debt is Time-Barred and generally cannot be included in a Consumer report under the provisions of the FCRA [Fair Credit Reporting Act], 15 U.S.C. § 1681c(a), but can be collected through other means pursuant to applicable state law, [communications] will include the following statement: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau[.]"

[7] *See* Cal. Civ. Code § 1788.52(d)(3) ("The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it, and we will not report it to any credit reporting agency."); Conn. Gen. Stat. § 36a-805(a)(14)(B) ("The law limits how long you can be sued on a debt. Because of the age of your debt, (INSERT OWNER NAME) will not sue you for it and (INSERT OWNER NAME) will not report it to any credit reporting agencies."); Tex. Fin. Code § 392.307(e)(2) ("The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. This notice is required by law." (emphasis removed)).

collector] will not report it to any credit reporting agency."
*Buchanan*, 776 F.3d at 400.

Given the consensus that language substantially similar to
that used by Midland provides appropriate notice to
consumers, we conclude that the least sophisticated debtor
would not be confused by Midland's disclosure.
Accordingly, we reject Stimpson's argument that the letter's
statute-of-limitations disclosure would mislead the least
sophisticated debtor into thinking that Midland could use
legal means to collect the debt.

B

Second, Stimpson argues that Midland's letter is
deceptive or misleading because it does not warn debtors
regarding the potential dangers of making a payment on a
time-barred debt.

In some states, the statute of limitations on a debt can be
revived or restarted after it has expired.  That is, an
acknowledgment of a debt "from which a promise to pay may
be implied, removes the bar created by the statute of
limitations and revives the debt."  *Potterton v. Ryland Grp.,
Inc.*, 424 A.2d 761, 763 (Md. 1981).  In states that follow this
approach, such as Idaho, a partial payment on a debt restarts
the statute of limitations and thus re-establishes the creditor's
right to enforce the debt in court.  *See* Idaho Code § 5-238
("[A]ny payment of principal or interest is equivalent to a
new promise in writing, duly signed, to pay the residue of the
debt."); *Modern Mills, Inc. v. W.W. Havens*, 739 P.2d 400,
403 (Idaho Ct. App. 1987); *see also Renault v. L. N. Renault
& Sons, Inc.*, 188 F.2d 317, 320 (3d Cir. 1951) (stating that
New Jersey law "implies from partial payment a promise to

pay the entire obligation."). In other states, such as Nevada, a partial payment on a time-barred debt does not revive the statute of limitations. *See Riff v. Kowal*, 352 P.2d 819, 820 (Nev. 1960).

Stimpson makes a two-step argument as to why Midland's letter was misleading for failing to warn him about the risk of revival. First, he argues that Idaho law applies to the debt in this case, notwithstanding the provision in his credit agreement stating that Nevada law applies. If Idaho law applies, Stimpson claims, the statute of limitations on a debt, *see* Idaho Code §§ 5-201, 5-216, can be revived by a partial payment on the debt, *see* Idaho Code § 5-238; *Modern Mills*, 739 P.2d at 403. Second, Stimpson argues that even if Nevada law applies to his debt, had he made a partial payment on the debt, he would have been in a worse legal position because he would be forced to argue with Midland about whether Idaho or Nevada law applied. Therefore, Stimpson argues, whether Idaho or Nevada law applies to his debt, Midland's failure to warn him of the risk of revival violated the FDCPA.

These arguments fail. Although Congress expressly required debt collectors to provide specific statements to debtors on certain issues,[8] nothing in the FDCPA requires

---

[8] Section 1692e(11) requires that debt collectors "disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose" and "in subsequent communications that the communication is from a debt

debt collectors to make disclosures that partial payments on debts may revive the statute of limitations in certain states. "Generally, the inclusion of certain terms in a statute implies the exclusion of others." *In re Cybernetic Servs., Inc.*, 252 F.3d 1039, 1053 (9th Cir. 2001); *see also Lamie v. U.S. Tr.*, 540 U.S. 526, 538 (2004) ("There is a basic difference between filling a gap left by Congress' silence and rewriting rules that Congress has affirmatively and specifically enacted." (citation omitted)). Stimpson does not point to any language in the FDCPA that can reasonably be interpreted as requiring debt collectors to provide legal advice on revival statutes. Nor is the failure to provide such specific legal advice misleading.[9]    Accordingly, we conclude that Midland's letter was not deceptive or misleading for not warning about the potential for revival of the statute of limitations.

---

collector." 15 U.S.C. § 1692e(11). Section 1692g(a) similarly requires that a debt collector make specific disclosures, such as the "amount of the debt" and to whom it is owed, "[w]ithin five days" of the initial communication attempting to collect a debt. § 1692g(a).

[9] To the contrary, the CFPB concluded that a rule requiring debt collectors to provide such legal advice would be potentially confusing to debtors, and therefore did not propose any rule on that issue. *See* Small Business Review Panel for Debt Collector and Debt Buyer Rulemaking, Outline of Proposals Under Consideration and Alternatives Considered, dated July 28, 2016, at 21 ("[T]he Bureau's testing to date suggests that consumers may not fully understand [a disclosure about the potential effect of making a partial payment], because it seems counterintuitive to them.").

C

Finally, Stimpson points to several statements in Midland's letter that Stimpson claims misrepresented the benefits of paying the time-barred debt, and therefore were misleading or deceptive.  Before considering the statements Stimpson targets, we first address the underlying thrust of Stimpson's argument: that the letter was drafted to encourage debtors to pay the time-barred debt, and thus the language and layout of the letter would prevent the least sophisticated debtors from realizing "that they don't have to pay a penny."

This argument is built on several faulty premises.  Most important, it assumes that Stimpson's debt was extinguished when the statute of limitations ran.  This is untrue.  In most states, a statute of limitations does not extinguish a party's rights, but merely precludes a judicial remedy.  *See* 54 C.J.S. Limitations of Actions § 20 (2019) (collecting cases); Marc C. McAllister, *Ending Litigation & Financial Windfalls on Time-Barred Debts*, 75 Wash. & Lee L. Rev. 449, 458 (2018) ("[M]ost courts agree that a statute of limitations bar does not actually extinguish the debt itself."); *see also Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411 (2017) ("Alabama's law, like the law of many States, provides that a creditor has the right to payment of a debt even after the limitations period has expired."); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011) (holding that under New Jersey law, a "debt obligation is not extinguished by the expiration of [a] statute of limitations, even though the debt is ultimately unenforceable in a court of law").[10]  In these

---

[10]  Mississippi and Wisconsin are among the few exceptions that currently have statutes providing that the expiration of the limitations period extinguishes both the remedy and the underlying right.  *See, e.g.*,

states, the debtor "still owes the debt." *Huertas*, 641 F.3d at 32. Nevada and Idaho have both adopted this majority rule,[11] and so the time-bar merely prevents Midland from enforcing Stimpson's debt in court; Stimpson's debt was not extinguished.

This being the case, there is nothing inherently deceptive or misleading in attempting to collect a valid, outstanding debt, even if it is unenforceable in court. *See Buchanan*, 776 F.3d at 397; *cf. Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1273 (11th Cir. 2019) ("[W]e reject Plaintiff's claim that the general practice of attempting to collect on time-barred debt is *per se* unfair or unconscionable in violation of 1692f of the FDCPA."). In enacting the FDCPA, Congress did not purport to prevent debtors from attempting to collect lawful outstanding debts, so long as they did not use abusive or unfair means. *See* 15 U.S.C. § 1692(e). Accordingly, debt collectors may attempt to persuade debtors to make payments, so long as the debt

---

Miss Code Ann. § 15-1-3(1) ("The completion of the period of limitation prescribed to bar any action, shall defeat and extinguish the right as well as the remedy."); Wis. Stat. § 893.05 ("When the period within which an action may be commenced on a Wisconsin cause of action has expired, the right is extinguished as well as the remedy.").

[11] *See Sallaz v. Rice*, 384 P.3d 987, 992 (Idaho 2016) (holding that, under Idaho law, "[t]he running of the statute of limitations does not extinguish the debt"); *Facklam v. HSBC Bank USA for Deutsche ALT-A Sec. Mortg. Loan Trust*, 401 P.3d 1068, 1070–71 (Nev. 2017) (holding, under "long-standing" Nevada precedent, lender may foreclose on mortgaged property that is security for payment of a promissory note even if "the statute of limitations for contractual remedies on the note has passed"); *Henry v. Confidence Gold & Silver Mining Co.*, 1 Nev. 619, 622 (1865) (recognizing "modern" rule that a "statute of limitation [does] not destroy the debt but only [takes] away the remedy").

collector otherwise complies with statutory requirements. The letter's disclosure that Midland "will not sue" effectively informed the least sophisticated debtor, who is deemed to have a "willingness to read with care," *Gonzales*, 660 F.3d at 1062, that the debt could not be collected in court, *cf.* § 1692e(5). Accordingly, we reject Stimpson's argument that merely attempting to persuade a debtor to pay a lawful debt is deceptive or misleading.

Nonetheless, we recognize that attempts to collect time-barred debts can present unique risks to unsophisticated consumers. Those attempting to collect time-barred debts may, for example, be tempted to misrepresent the "character, amount, or legal status of [the] debt," § 1692e(2), or to threaten to "take legal action that cannot legally be taken," § 1692e(5). This is evidenced by the fact that multiple circuit courts have held that debt collectors are potentially liable under the FDCPA for implying that a time-barred debt remains legally enforceable. *See Tatis*, 882 F.3d at 429–30; *Pantoja v. Portfolio Recovery Assocs., LLC*, 852 F.3d 679, 686–87 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 736 (2018); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 509 (5th Cir. 2016); *Buchanan*, 776 F.3d at 395; *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014). Thus, we examine with particular care Stimpson's claims that the letter he received was deceptive.

In addition to his theme that urging consumers to pay time-barred debt is per se misleading or deceptive, Stimpson also points to specific language in the Midland letter that he claims violates § 1692e. First, Stimpson argues that the letter is misleading because it states that he can save money by paying the debt before a certain date but does not inform him he has the option to "pay nothing." But as explained above,

Midland had no obligation to encourage Stimpson not to pay the debt.    Midland's letter accurately explained that if Stimpson paid off the debt before a certain time, one of the benefits would be a discount on what was legally owed.  The letter is not deceptive or misleading for doing so because creditors have "the right to payment of a debt even after the limitations period has expired." *Johnson*, 137 S. Ct. at 1411. "There is nothing wrong with informing debtors that a debt remains unpaid or for that matter allowing them to satisfy [a] debt at a discount."  *Buchanan*, 776 F.3d at 397.

Stimpson next contends that the letter is deceptive or misleading because it states that a benefit of paying the debt is "[n]o more communication on this account," but does not inform him that he has a right to demand that communications cease under the FDCPA, § 1692c(c).  Again, we disagree.  The letter merely states, accurately, that one of the "benefits of paying [the] debt" is "[n]o more communication on th[e] account." Midland had no obligation to inform Stimpson that he could request that communications cease under § 1692c(c).[12]

---

[12]    Section 1692c(c) does not require the complete cessation of communications.  Even after a consumer notifies a debt collector that the "consumer wishes the debt collector to cease further communication" under § 1692c(c), the debt collector can still communicate with the consumer:  (1) "to advise the consumer that the debt collector's further efforts are being terminated," (2) "to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor," and (3) "where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy."  § 1692c(c).

Finally, Stimpson argues that the letter is deceptive or misleading because it states that one of the benefits of paying the debt is "[p]eace of mind." Again, we disagree. A common sense reading of this statement is that the debtor may be relieved of any sense of worry, guilt, or responsibility once the debt is paid and extinguished. Again, the letter's disclosure that Midland "will not sue" informs the least sophisticated debtor that the phrase "[p]eace of mind" does not implicitly threaten litigation. *Cf.* § 1692e(5).

In short, no part of the letter, standing alone, is deceptive or misleading. Nor is the letter deceptive or misleading when "read as a whole." *Gonzales*, 660 F.3d at 1064. The disclosure "we will not sue" dispels the possibility that the least sophisticated debtor will read any of the "Benefits of Paying Your Debt" as falsely implying that non-payment will result in adverse consequences (such as Midland taking legal action in violation of § 1692e(5)) if the debtor does not avail himself of one of the "Available Payment Options" before the "Offer Expiration Date."

In sum, we reject Stimpson's argument that a letter is deceptive or misleading if a debt collector tries to persuade debtors to pay what they owe. Congress could prohibit, or otherwise restrict, attempts to collect time-barred debts, but it has not done so. Instead, liability attaches under § 1692e only if a debt collection letter is "false, deceptive, or misleading." Stimpson has not identified anything false, deceptive, or misleading in Midland's letter, so his FDCPA

claim fails.  The district court did not err in granting summary judgment in Midland's favor.[13]

**AFFIRMED.**

---

[13]  For the first time on appeal, Stimpson argues that "[e]ven if the Court does not agree that the FDCPA imposes a duty on Midland to give all of the facts . . . to make[] its statements not misleading or confusing, common law principles still hold Midland responsible for its omissions of all of the facts."  But Stimpson did not assert a claim for relief based on common-law principles; he alleged a single claim under the FDCPA.  Nor did Stimpson raise this argument below.  Accordingly, we decline to consider it.  *See Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1223 (9th Cir. 2018).

**APPENDIX**



Midland Credit Management, Inc.   3350 Northside Drive
San Diego, CA 92108

Call (877) 231-8886

EX 3

Offer Expiration Date: 04-27-2017

Midland Credit Management, Inc. (MCM), is the debt collection company, which will be collecting on, and servicing your account.

03-28-2017



P95T3427 001

Barry M Stimpson

| Original Creditor |
| --- |
| HSBC Bank Nevada, N.A. |
| **Original Account Number** |
| ██████5322 |
| **MCM Account Number** |
| ████0250 |
| **Current Balance** |
| $1,145.60 |
| **Current Owner** |
| Midland Funding LLC |
| **Discount** |
| 40% OFF |



RE HSBC Bank Nevada, N.A.

Dear Barry M Stimpson,



## CALL US TODAY! (877) 231-8886

### AVAILABLE PAYMENT OPTIONS

**Option 1** — 40% OFF

**Option 2** — 20% OFF — Over 6 Months

**Option 3** — Monthly Payments As Low As: $50 per month — Call today to discuss your options and get more details.

### Benefits of Paying Your Debt

— Save $458.24 if you pay by 04-27-2017 —
— Put this debt behind you —
— No more communication on this account —
— Peace of mind —

**Hours of Operation**
Sun-Th: 5am-9pm PT;
Fri-Sat: 5am-4:30pm PT;

Sincerely,

Tim Bolin

Tim Bolin, Division Manager

The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau.

We are not obligated to renew any offers provided.

(877) 231-8886          midlandcreditonline.com

Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MCM Account Number ████250
Current Balance $1,145.60

Total Enclosed $ _____ . _____

**Manage Your Account Online**
midlandcreditonline.com

### Important Payment Information

Make checks payable to:
Midland Credit Management
Enter your MCM Account # on all payments

**(877) 231-8886**

se habla espanol
(888) 422-5178

Mail Payments to:
Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

CONFIDENTIAL ████   ██0250 S 0068736 042717 7 114001377   Midland000045

B469 M001

## Important Disclosure Information

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**To report any inaccuracies or to dispute this debt, please call (877) 231-8886**
**Calls to and/or from this company may be monitored or recorded.**

### Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | HSBC Bank Nevada, N.A. | MCM Account Number | 0250 |
| Original Account Number | 6322 | Charge-Off Date | 08-31-2009 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| Send Payments to: | For disputes call (877) 231-8886 or write to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc. P.O. Box 60578 Los Angeles, CA 90060-0578 | Attn: Consumer Support Services 2365 Northside Drive Suite 300 San Diego, CA 92108 | 80 Garden Center Suite 3 Broomfield, CO 80020 Phone (303) 920-4763 |

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:

IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU: This collection agency is licensed by the Minnesota Department of Commerce.

IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU: New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431

IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU: North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777, #111895, and #112039. Midland Credit Management, Inc. 2365 Northside Drive, Suite 300, San Diego, CA 92108

IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.