NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KELLY WOODWARD, Plaintiff-Appellant, v. COLLECTION CONSULTANTS OF CALIFORNIA, Defendant-Appellee. | No. 19-55296 D.C. No. 2:18-cv-05715-VAP-AFM MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted April 3, 2020**
Pasadena, California

Before: WARDLAW, MURGUIA, and MILLER, Circuit Judges.

Kelly Woodward appeals the district court's dismissal of her claims under the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692b, 1692e, and

1692f, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ.

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Code §§ 1788.1–1788.33. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Woodward filed a complaint against Collection Consultants of California ("CCOC"), alleging that CCOC sent her a collection letter that violates the FDCPA and RFDCPA because it included an offer to "resolve" her past-due accounts without stating that the debt was time-barred or that a payment could revive the statute of limitations and permit CCOC to sue on the debt. The district court granted judgment on the pleadings in favor of CCOC. For the first time on appeal, Woodward also argues that CCOC's letter is unfair and unconscionable under § 1692f of the FDCPA.

"We review a judgment dismissing a case on the pleadings de novo." *Dunlap v. Credit Prot. Ass'n.*, 419 F.3d 1011, 1012 n.1 (9th Cir. 2005) (per curiam) (citing *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).

1.     When the district court issued its decision in this case, we had not directly addressed whether an attempt to collect a time-barred debt violates the FDCPA by misleading consumers about the legal status of the debt. However, we issued our published opinion in *Stimpson v. Midland Credit Management, Inc.*, 944 F.3d 1190 (9th Cir. 2019) while this appeal was pending.

The reasoning of *Stimpson* is controlling here. First, *Stimpson* held that "a debt collector is entitled to collect a lawful, outstanding debt *even if the statute of limitations has run*, so long as the debt collector does not use means that are deceptive or misleading and otherwise complies with legal requirements." *Id.* at 1194 (emphasis added). Here, CCOC's letter provides an offer to "resolve" Woodward's past-due accounts without mentioning that the statute of limitations has expired, but it is not misleading or deceptive in any way, and it complies with all legal requirements.

Second, *Stimpson* held that "nothing in the FDCPA requires debt collectors to make disclosures that partial payments on debts may revive the statute of limitations in certain states." *Id.* at 1198. Therefore, CCOC's letter is not misleading even if, under California law, making a payment on the debt would revive the statute of limitations. Moreover, Woodward's case is even less compelling than the plaintiff's case in *Stimpson* because in California, a debtor does not revive the statute of limitations by making a payment on a time-barred debt. *See* Cal. Civ. Proc. Code § 360 ("[N]o such payment of itself shall revive a cause of action once barred.").

2.    Woodward waived her argument that CCOC's letter was unfair and unconscionable under § 1692f of the FDCPA because she did not sufficiently raise this argument before the district court. *See Armstrong v. Brown*, 768 F.3d 975, 981 (9th Cir. 2014) ("Although no bright line rule exists to determine whether a matter

3

[h]as been properly raised below, an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." (quoting *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012))).  Therefore, we need not decide the merits of Woodward's § 1692f claim.

3.    Finally, Woodward presents no independent argument for her RFDCPA claim, so it too fails.

**AFFIRMED.**