NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. BANK, N.A., as Trustee, in Trust for the Benefit of the Holders of Bayview Opportunity Master Fund IVA REMIC Trust 2016-17NPL3 Beneficial Interest Certificates, Series 2016-17NPL3,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>Defendant-Appellant. | No. 22-16682<br><br>D.C. No. 2:17-cv-01354-APG-EJY<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted May 12, 2023**
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and BRESS, Circuit Judges.

SFR Investments Pool 1, LLC (SFR), the defendant in a quiet title action,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

appeals the district court's denial of a preliminary injunction seeking to prevent plaintiff U.S. Bank from non-judicially foreclosing on a property during the pendency of the quiet title case. We have jurisdiction over the denial of preliminary injunctive relief under 28 U.S.C. § 1292(a)(1). "We review an order regarding preliminary injunctive relief for abuse of discretion, but review any underlying issues of law de novo." *Norbert v. City & Cnty. of San Francisco*, 10 F.4th 918, 927 (9th Cir. 2021) (quoting *Karnoski v. Trump*, 926 F.3d 1180, 1198 (9th Cir. 2019) (per curiam)). We affirm.

Even assuming that SFR, the defendant, may pursue preliminary injunctive relief against U.S. Bank without having filed any claim against it, the district court did not err in denying the requested preliminary injunction. A party seeking a preliminary injunction "must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Id.* (alterations in original) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The "[l]ikelihood of success on the merits is 'the most important' factor . . . ." *Id.* (omission in original) (quoting *California v. Azar*, 911 F.3d 558, 575 (9th Cir. 2018)).

The district court did not err in concluding that SFR has not demonstrated a likelihood of success on the merits of its argument that U.S. Bank cannot non-

judicially foreclose on the property at issue. SFR's argument is that because U.S. Bank's quiet title action was allegedly untimely, U.S. Bank does not have an enforceable security interest on which it can foreclose.

But as the district court correctly concluded, under Nevada law, whether U.S. Bank's quiet action title was timely has no bearing on whether it may pursue a non-judicial foreclosure. *See, e.g.*, *Facklam v. HSBC Bank USA*, 401 P.3d 1068, 1070 (Nev. 2017) ("For over 150 years, this court's jurisprudence has provided that lenders are not barred from foreclosing on mortgaged property merely because the statute of limitations for contractual remedies on the note has passed."); *Stimpson v. Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1199 (9th Cir. 2019) (noting that "[i]n most states," including Nevada, "a statute of limitations does not extinguish a party's rights, but merely precludes a judicial remedy").

SFR provides no other reason why U.S Bank's non-judicial foreclosure would be improper. The district court therefore did not err in determining that SFR failed to show a likelihood of success on the merits. Like the district court, we therefore need not address the parties' arguments concerning the other required elements for preliminary injunctive relief.

**AFFIRMED.**